NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MARY JANE STIGLIANO, :
:
                        Plaintiff, :
:      Civil Action No. 11-6371 (SRC)
     v. :
:      OPINION
ACCENTURE, :
:
                      Defendant. :
:

**CHESLER**, District Judge

      This matter comes before the Court on the motion by Defendant Accenture to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) [docket entry 9].  Plaintiff Mary Jane Stigliano ("Plaintiff" or "Stigliano"), alleges that, at the relevant time, she suffered from generalized anxiety disorder.  She further alleges that although her employer, Accenture, had been notified of her condition, Accenture did not accommodate her request to work from home.  Then, on January 4, 2011, shortly after she made that request, Plaintiff further avers that Accenture terminated her employment.  The Complaint sets forth a sole cause of action, for discrimination and unlawful termination in violation of the Americans With Disabilities Act, 42 U.S.C. § 12101, et seq. ("ADA").

      A complaint will survive a motion under Rule 12(b)(6) only if it states "sufficient factual allegations, accepted as true, to 'state a claim for relief that is plausible on its face.'"  Ashcroft v.

Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  The Third Circuit, following Twombly and Iqbal, has held that Rule 8(a) "requires not merely a short and plain statement, but instead mandates a statement 'showing that the pleader is entitled to relief.'" Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008).  In a Rule 12(b)(6) motion, the Court is limited in its review to a few basic documents: the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the complainant's claims are based upon those documents.  See Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993).

      Defendants correctly argue that the Complaint fails to state a claim under the ADA because it fails to plead that Plaintiff exhausted her administrative remedies before filing the instant lawsuit.  The Third Circuit has held that a plaintiff who brings an employment discrimination claim under the ADA must first file a charge with the Equal Employment Opportunity Commission ("EEOC"), in compliance with the ADA's procedural requirements.  See Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006) (citing 42 U.S.C. § 2000e-5 and 42 U.S.C. § 12117(a)).  The filing of a charge with the EEOC is a statutory prerequisite to bring suit under the ADA.  Id. at 260-61.  As the Complaint before the Court fails to plead that Stigliano has pursued an administrative remedy with the EEOC in compliance with the ADA's procedural requirements, her cause of action for relief under the ADA is deficient on the face of the Complaint.  Id.; see also Anjelino v. New York Times Co., 200 F.3d 73, 87–88 (3d Cir.2000) (holding that failure to exhaust administrative remedies is ground for dismissal under Federal Rule of Civil Procedure 12(b)(6)).

Plaintiff does not oppose the motion but rather has requested that her claim be dismissed without prejudice. The Court recognizes that Defendant makes the argument that the claim should be dismissed with prejudice because, according to Defendant, Plaintiff did not in fact file an administrative charge alleging disability discrimination under the ADA within the applicable limitations period. Defendant's argument, however, relies on factual matters extraneous to the Complaint, in particular an attorney affidavit confirming, per the attorney's investigation, the lack of administrative charge filings by Stigliano with either the EEOC or the New Jersey Division on Civil Rights. Dismissals with prejudice are not favored unless it appears that the deficient complaint could not be cured by amendment. Cf. Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002) (holding that dismissal of claim should be without prejudice unless it appears that amendment of claim would be inequitable or futile). Though Defendant may argue that it is a matter of public record that Stigliano has not filed an administrative charge within the time permitted by 42 U.S.C. § 2000e-5(e)(1) and thus it is clear that she could not salvage her claim, Defendant's position would foreclose Plaintiff from making any argument regarding equitable tolling. See Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1387 (3d Cir.1994) (identifying circumstances in which equitable tolling may be appropriate). While equitable tolling is to be applied sparingly, the Court simply cannot conclude based on the facts alleged in the Complaint that a dismissal with prejudice is appropriate or in the interests of justice. In short, the Court cannot discern from the facts pled in the Complaint that Stigliano's claim is time-barred or otherwise incapable of curative amendment.

The Third Circuit has instructed that when granting a dismissal without prejudice, the district court should generally afford a plaintiff an opportunity to cure a complaint's deficiencies.

Id.  It has provided the following guidance:

> [W]e suggest that district judges expressly state, where appropriate, that the plaintiff has leave to amend within a specified period of time, and that application for dismissal of the action may be made if a timely amendment is not forthcoming within that time. If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate.

Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004) (quoting Shane v. Fauver, 213 F.3d 113, 116 (3d Cir.2000)).  As Plaintiff has indicated that she does not wish to amend the Complaint at this time, the Court will accordingly dismiss the Complaint without prejudice and close the action.

An appropriate form of Order will be filed.

    s/Stanley R. Chesler  
STANLEY R. CHESLER  
United States District Judge

Dated: March 28, 2012